IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLIE WILSON, | : |
| Plaintiff | : |
| | : No. 02-CV-4662 |
| v. | : JURY TRIAL DEMANDED |
| | : JUDGE BRUCE W. KAUFFMAN |
| PPL ELECTRIC UTILITIES CORPORATION, | : |
| Defendant | : |

## COMPLAINT

The Plaintiff, LESLIE WILSON, by and through his counsel, GLENNIS L. CLARK, ESQUIRE, file this complaint as follows:

## JURISDICTION

1. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1343(3) and 1343(4) conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under Title VII of the Civil Rights Act, as amended 1991, 42 U.S.C. 2000e et. seq., the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, rights secured to the Plaintiff by Section 7(b), 29 U.S.C. § 626(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA") which incorporates by reference Section 16(b), 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.. § 210 et seq. and the pendant jurisdiction of this Court.

2. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission, complaining of race and age based discrimination by the Defendant.

3. The EEOC has issued Plaintiff a notice informing him of his right to sue Defendant. (Exhibit "A").

4. Plaintiff has fully complied with the prerequisites to jurisdiction in this Court under Title VII and 29 U.S.C. § 621 et. seq. of the ADEA.
.

## PARTIES

5. Plaintiff LESLIE WILSON, is an adult male residing at 1200 Minesite Road, Allentown, Pennsylvania 18103.

6. Defendant PPL Electric Utilities Corporationl(hereinafter referred to as PPL) is a corporation existing under the laws of the Commonwealth Pennsylvania with a place of business at Two North Ninth Street, Allentown, Pennsylvania 18101-1179.

## FACTS

7. Plaintiff Wilson was employed for the past twenty-seven (27) years at PPL.

8. Plaintiff Wilson's last assignment was in the Field Service Department where his duties included providing new service and implementing changes in service for PPL customers.

9. At all times relevant hereto, Plaintiff Wilson fully and competently performed all of his job responsibilities.

10. On August 14, 2000, Plaintiff Wilson advised his employer he would not be coming to work that day.

11. On August 15, 2000, Plaintiff Wilson was requested by his supervisor to supply a written doctor's excuse for a one-half day absence.

12. On or about August 16, 2000, Plaintiff Wilson was suspended from his employment and escorted from the premises.

13. The aforesaid request by the supervisor was unjustified and not required of Caucasian employees.

14. Prior to the suspension, Plaintiff was required to maintain a log of his job related activities.

15. The Defendant's Caucasian employees were not required to prepare and maintain such logs.

16. In or about May 2000, PPL security services conducted an investigation of Plaintiff's work activities.

17. No such investigation was conducted concerning Caucasian employees.

18. Plaintiff Wilson was notified by letter dated September 15, 2000 that he was terminated for violating PPL's Standards of Conduct and Integrity.

## COUNT I

### Leslie Wilson v. PPL Electric Utilities Corporation
### Title VII Disparate Treatment

19. Plaintiff incorporates paragraphs 1 through 18 of the Complaint as though the same were more fully set forth at length.

20. Plaintiff is a member of a protected class, African American.

21. Plaintiff has fully and competently performed all of his job duties and responsibilities.

22. Defendant PPL took adverse action against the plaintiff by suspending him on August 16, 2000 and subsequently terminating him by letter dated September 15, 2000.

23. On August 14, 2000, Plaintiff telephoned PPL to advise that he would not be at work on that date.

24. Plaintiff was given permission not to report on the morning of August 14, 2000, but his supervisor advised that other employees were also absent and there were customer calls which had to be done.

25. Plaintiff was advised of the work that needed to be done and performed the contacts necessary to satisfy his supervisors.

26. When Plaintiff reported to work that afternoon, his supervisor demanded that he provide him with a doctor's note confirming his whereabouts.

27. Plaintiff advised the supervisor that company policy did not require him to provide such information for a one-half day absence.

28. A physician's note was not required of Caucasian employees who were absent for one-half day.

29. A representative from PPL human resources suspended the Plaintiff and had him removed from the premises.

30. Further, some months prior, Plaintiff's supervisor required him to prepare and submit a work log of his activities on a weekly basis.

31. No such work log was required of Caucasian employees.

32. Plaintiff also requested that he be given a company car to transact PPL business, but this request was denied.

33. Caucasian employees were given company cars to perform their duties.

34. Subsequently, PPL had security services follow the plaintiff to determine his whereabouts during the work day.

35. PPL did not utilize security services to monitor or determine the whereabouts of Caucasian employees.

36. Ultimately, plaintiff was terminated in September 2000 for submitting fraudulent expense reports, misuse of company equipment and insubordination.

37. Plaintiff asserts that he did not submit fraudulent expense reports and in fact submitted expense reports consistent with office practice.

38. Caucasian employees who submitted similar expense reports were not disciplined or terminated.

39. Plaintiff avers that he was subjected to intentional discriminatory treatment because of race, African-American, when he was required to supply a written doctor's excuse for a one-half day absence.

40. Plaintiff has suffered and will continue to suffer irreparable injury from the Defendant's policies and practices as set forth in this Complaint.

41. Plaintiff has suffered and will continue to suffer emotional and mental anguish and damage to his reputation as a result of Defendant's actions.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

(A) For a declaratory judgment that Defendant's acts, policies and procedures violated Title VII; and

(B) For permanent injunction enjoining Defendant from discriminating against any employee on the basis of race and/or age or because of their participation in this law suit; and

(C) Order Defendant to make the Plaintiff whole by providing for reinstatement, back pay, and reimbursement for lost pension, Social Security, lost union benefits, experience, training, and other benefits in an amount to be proved at trial; and

(D) Award Plaintiff compensatory and punitive damages; and

(E) Award to Plaintiff the costs in this action and reasonable attorney's fees as provided by 29 U.S.C. § 216(b) and § 706(k) of Title VII; and

(F) Grant such additional relief as this Court deems proper and just.

## COUNT II

### Leslie Wilson v. PPL Electric Utilities Corporation
### Title VII Disparate Impact

42. Plaintiff incorporates paragraphs 1 through 41 of the Complaint as though the same were more fully set forth at length.

43. Defendant's standards and policies regarding excused absences are discriminatory in practice and operation.

44. Defendant's policy on Standards of Conduct and Integrity are discriminatory in practice and operation.

45. Defendant's sick time and time off policies disproportionately and negatively impacts on African-Americans.

46. Defendant's standards and policies for investigating alleged employee misconduct are discriminatory in practice and operation.

47. Defendant's sick time and time-off policies are discriminatory in practice and operation.

48. The aforesaid policies and practices are illegal because they have a significant adverse impact on a protected class and are not justified by business necessity.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

(A) For a declaratory judgment that Defendant's acts, policies and procedures violated Title VII; and

(B) For a permanent injunction enjoining Defendant from discriminating against any employee on the basis of race or because of their participation in this lawsuit.

(C) Order Defendant to make the Plaintiff whole by providing for reinstatement, back pay, and reimbursement for lost pension, Social Security, lost union benefits, experience, training, and other benefits in an amount to be proved at trial; and

(D)  Award Plaintiff compensatory and punitive damages; and

(E)  Award to Plaintiff the costs in this action and reasonable attorneys' fees as provided by 29 U.S.C. sec. 216(b) and sec. 706(k) of Title VII; and

(F) Grant such additional relief as this Court deems proper and just.

## COUNT III

### Leslie Wilson v. PPL Electric Utilities Corporation
### Title VII  Retaliation

49.  Plaintiff incorporates paragraphs 1 through 48 of the Complaint as though the same or more fully set forth at length.

50.  Defendant has  retaliated against Plaintiff and have suspended and terminated Plaintiff because he  complained of discrimination, in violation of Title VII.

51. Plaintiff also was harassed and avers that his suspension and  subsequent termination was intentional and in retaliation for him complaining about being treated unfairly and in violation of his civil rights which resulted in the filing of a discrimination complaint and a federal lawsuit against PPL at 88-0999.

52.  The Plaintiff is now suffering and will continue to suffer irreparable emotional injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

(A)  For a declaratory judgment that Defendant's acts, policies and procedures violated Title VII; and

(B) For permanent injunction enjoining Defendant from discriminating against any employee on the basis of race or because of their participation in this law suit; and.

(C) Order Defendant to make the Plaintiff whole by providing for reinstatement, back pay, and reimbursement for lost pension, Social Security, lost union benefits, experience, training, and other benefits in an amount to be proved at trial; and

(D) Award Plaintiff compensatory and punitive damages; and

(E) Award to Plaintiff the costs in this action and reasonable attorneys' fees as provided by 29 U.S.C. sec. 216(b) and sec. 706(k) of Title VII; and

(F) Grant such additional relief as this Court deems proper and just.

### COUNT IV
### Leslie Wilson v. PPL Electric Utilities Corporation
### Section 1981 Violation

53. Plaintiff incorporates paragraphs 1 through 52 of the Complaint as though the same were more fully set forth at length.

54. Plaintiff was regularly subjected to higher levels of supervision or criticism.

55. Plaintiff suffered intentional discrimination because of his race.

56. The discrimination detrimentally affected the Plaintiff economically and caused him emotional distress.

57. The discrimination would have detrimentally affected a reasonable person of the same protected class in the same situation.

58. The employer Defendant is liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff respectfully requests that this court grant the following relief:

(A) Enter a declaratory judgment that the acts and practices of defendant complained of herein are in violation of the laws of the United States; and

(B) Award Plaintiff lost wages, including lost fringe benefits, which resulted from the illegal discrimination; and

(C) Award Plaintiff compensatory and punitive damages.; and

(D) Award Plaintiff the costs of this action, together with reasonable attorney's fees; and.

(E) Grant Plaintiff such other and further relief as to this court appears necessary and proper.

## COUNT V

### Leslie Wilson v. PPL Electric Utilities Corporation
### Age Discrimination

59. Plaintiff incorporates paragraphs 1 through 58 of the Complaint as though the same were more fully set forth at length.

60. Plaintiff was an employee of the Defendant.

61. Plaintiff was born on December 18, 1947and is fifty-four (54) years old.

62. Defendant is engaged in an industry affecting commerce, as defined in Section 11(h) of the ADEA, 29 U.S.C. § 630(h).

63. Defendant has employed twenty (20) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

64. Defendant is "an employer" within the meaning of Section 112(b) of the ADEA, 29 U.S.C. § 630(b).

65. Plaintiff was replaced by a person younger than he was at the time of his termination.

66. Defendant's standards and policies regarding excused absences are discriminatory in practice and operation.

67. Defendant's policy on Standards of Conduct and Integrity are discriminatory in practice and operation.

68. Defendant's sick time and time off policies disproportionately and negatively impacts on persons over the age of forty.

69. Defendant's standards and policies for investigating alleged employee misconduct are discriminatory in practice and operation.

70. Defendant's sick time and time-off policies are discriminatory in practice and operation.

71. The Defendant's policies and practices are discriminatory as applied in violation of the ADEA.

72. Defendant willfully discriminated against the Plaintiff on account of age in violation of the ADEA with respect to its decision to discharge Plaintiff from employment.

73 As a direct and proximate result of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff has suffered a loss of income, including past and future salary, full pension benefits and other company-sponsored benefits.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(A) For a money judgment representing compensatory damages, including lost wages and all other sums of money, including retirement benefits and other employment benefits, together with interest on said amounts;

(B) For a money judgment representing liquidated damages for Defendant's willful violations of the Age Discrimination in Employment Act;

(C) For a money judgment representing prejudgment interest;

(D) For an Order directing Defendant to reinstate Plaintiff;

(E) That the Court retain jurisdiction over this action until Defendant has fully complied with the Orders of this Court and that the Court require the Defendant to file such reports as may be necessary to supervise such compliance;

(F) For the costs of suit, including an award of reasonable attorneys' fees pursuant to 29 U.S.C. §§ 626(b) and 216(b); and

(G) For such other further relief as may be just and proper.

## COUNT VI

### Leslie Wilson v. PPL Electric Utilities Corporation
### Harassment

74. Plaintiff incorporates paragraphs 1 through 73 of the Complaint as though the same were more fully set forth at length.

75. Plaintiff was regularly subjected to higher levels of supervision and criticism.

76. Plaintiff has been repeatedly harassed and subjected to various work rules not required of Caucasian employees, including but not limited to, being required to prepare, maintain and submit weekly work logs, being required to provide documentation to take time off, being terminated as a result of alleged problems with expense reports.

77. Defendant has retaliated against Plaintiff and have denied him opportunities for employment on the basis of him having complained of discrimination, in violation of Title VII.

78. Plaintiff is now suffering and will continue to suffer irreparable emotional injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory and punitive damages in and in excess of $75,000.00, plus costs, reasonable attorney's fees and such other relief as the Court deems just and equitable.

### Count VII

#### Leslie Wilson v. PPL Electric Utilities Corporation
#### Intentional Infliction of Emotional Distress

79. Plaintiff incorporates paragraphs 1 through 78 of the Complaint as though the same were more fully set forth at length.

80. Defendant expressed resentment and ill feelings directly and indirectly to the Plaintiff.

81. Defendant's conduct caused Plaintiff to experience stress. anxiety and depression.

82. As a consequence of the Defendant's intentional and/or negligent conduct as aforementioned, the Plaintiff suffered severe emotional distress, anxiety and depression.

83. As a direct and proximate result of the foregoing, the Plaintiff has sustained loss of wages and benefits, suffered and continues to suffer emotional and physical harm, depression, humiliation, mental anguish, embarrassment and damage to his career.

84. Defendant by its conduct, including but not limited to, terminating his employment with Defendant after twenty-seven (27) years of service.

85. As a result of Defendant's conduct, Plaintiff has suffered damages, including but not limited emotional distress and loss of reputation.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory and punitive damages in an amount in excess of $75,000.00, plus costs, reasonable attorney's fees and such other relief as the Court deems just and equitable.

Respectfully submitted,

_____  GLENNIS L. CLARK, ESQUIRE
Attorney for Plaintiff
I.D. No. 36682
LAW OFFICE OF GLENNIS L. CLARK
532 Walnut Street
Allentown, PA 18101
(610) 433-6624