IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

------------------------------------------- x

LESLIE WILSON, :

                Plaintiff, :

                v. :          NO. 02-CV-4662

PPL ELECTRIC UTILITIES CORPORATION, :          (Bruce W. Kauffman, J.)

                Defendant. :

                               :

------------------------------------------- x

**DEFENDANT PPL ELECTRIC UTILITIES CORPORATION'S**
**MOTION FOR SUMMARY JUDGMENT**

NOW COMES, Defendant PPL Electric Utilities Corporation ("PPL"), through its counsel, Proskauer Rose LLP and Gross, McGlinley, LaBarre & Eaton, LLP, and hereby files its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and in support thereof avers as follows:

        1.       Plaintiff Leslie Wilson commenced this action by Complaint, filed on July 12, 2002.

        2.       In his Complaint, plaintiff alleges claims of race discrimination, retaliation and harassment under Title VII of the Civil Rights Act, as amended; claims of race discrimination under the Civil Rights Act of 1871 ("Section 1981"); claims of age discrimination under the Age Discrimination in Employment Act of 1967, as amended; and a claim of intentional infliction of emotional distress under Pennsylvania State law.

        3.       Plaintiff's employment with PPL was terminated after a thorough

investigation of his work activities -- an investigation that was precipitated by numerous complaints that his supervisor received concerning his performance) -- concluded that Wilson violated the Company's Standards of Conduct and Integrity and other policies by: (i) engaging in personal business on Company time on the days of the surveillance (rather than attending any of the work-related meetings that were contained in his work schedule for those days); (ii) submitting a false expense report claiming mileage reimbursement for places he did not travel to on the days of the surveillance; (iii) lying to Company investigators about his activities on the days of the surveillance; (iv) charging over $1,000 in personal calls on his Company issued cellular phone for which he did not reimburse the Company; and (v) engaging in insubordination by refusing to provide his supervisors with medical documentation to substantiate a suspicious absence on August 14, 2000 (which occurred in the middle of the investigation).

    4.    Plaintiff's claims that his employment was terminated on the basis of his age and race in violation of federal law must be dismissed because he cannot point to any evidence from which a jury could conclude that PPL considered his age or race in making the decision to terminate his employment for what is undeniably gross misconduct and fraud, or that members outside of the protected class who engaged in similar egregious conduct were treated more leniently by the Company. Plaintiff also has failed to adduce a scintilla of evidence that his supervisor harassed him, or treated him differently from similarly situated employees outside of the protected class, prior to his termination.

    5.    Plaintiff's claim that he was terminated in retaliation for a lawsuit he filed against the Company in 1988 (and which was resolved shortly thereafter) must be dismissed because he has failed to produce any evidence of a causal connection between the filing of the

lawsuit and his termination for gross misconduct *12* years later, and thus he cannot establish a prima facie case of retaliation. Moreover, even if he was able to establish a prima facie case, he has failed to adduce a scintilla of evidence from which a jury could conclude that the Company's decision to terminate his employment after it uncovered his fraud and misconduct was a pretext for unlawful retaliation.

      6.     Plaintiff's state law claim for intentional infliction of emotional distress must be dismissed because the claim is preempted by the Pennsylvania Workers' Compensation Act, and additionally, Wilson has failed to show that he was subjected to the extreme or clearly outrageous conduct required to prove this tort under Pennsylvania State law.

WHEREFORE, Defendant PPL respectfully requests that the Court grant its Motion for Summary Judgment and enter an Order dismissing plaintiff's claims with prejudice, together with costs and all such other relief this Court deems just and equitable.

Dated: New York, New York
August 29, 2003

                      PROSKAUER ROSE LLP

                      By: _____
                          Bernard M. Plum
                          Daniel R. Halem
                          Peter P. Rahbar

                    1585 Broadway
                    New York, New York  10036
                    (212) 969-3000

                    Malcolm J. Gross (08137)
                    GROSS MCGLINLEY LABARRE
                    & EATON LLP
                    33 South Seventh Street
                    P.O. Box 4060
                    Allentown, Pennsylvania 18105-4060
                    (610) 820-5450

                    Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------- x

LESLIE WILSON,                                    :

    Plaintiff,                                   :

             v.                                  :       CIVIL ACTION NO. 02-CV-4662

PPL ELECTRIC UTILITIES CORPORATION,  :           (Bruce W. Kauffman, J.)

    Defendant.                                   :

                                                       :

------------------------------------------------------------- x

## ORDER

THIS MATTER, brought to the Court by Proskauer Rose LLP, counsel for Defendant PPL Electric Utilities Corporation ("PPL"), and the Court having considered the submissions and arguments of the parties, and for good cause shown:

IT IS, on this __ day of _____, 200__;

ORDERED that PPL's Motion of Summary Judgment is hereby granted; and it is further ORDERED that this case is hereby dismissed in its entirety with prejudice.

                                                                                     _____

                                                                                                Bruce W. Kauffman, J.