IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

```
-----------------------------------------------X
LESLIE WILSON,                        :

        Plaintiff,                    :      No. 02-CV-4662

    V.                                :      JURY TRIAL DEMANDED

PPL ELECTRIC UTILITIES                :      JUDGE BRUCE W. KAUFFMAN
CORPORATION,
                                      :
        Defendant.
                                      :
-----------------------------------------------X
```

**PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff Leslie Wilson, by and through his attorney, GLENNIS L. CLARK, ESQUIRE, and hereby files Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Respectfully submitted,

GLENNIS L. CLARK, ESQUIRE
I. D. No. 36682
Attorney for Plaintiff
LAW OFFICE OF GLENNIS L. CLARK
532 Walnut Street
Allentown, PA 18101

(610) 433-6624

(610) 433-6624

## TABLE OF CONTENTS

TABLE OF AUTHORITIES. ...................................................................................................ii

ARGUMENT

    I. PLAINTIFF HAS ESTABLISHED A *PRIMA FACIE* CASE OF EMPLOYMENT DISCRIMINATION AND HARASSMENT (COUNTS I, IV, V AND VI). ...............................................................................................1

    II. SUMMARY JUDGMENT IS INAPPROPRIATE WHERE THE PLAINTIFF HAS PRODUCED EVIDENCE THAT COULD REASONABLY SUPPORT THE INFERENCE THAT DEFENDANT'S ALLEGED NON-DISCRIMINATORY REASONS FOR FIRING PLAINTIFF WERE MERE PRETEXT (COUNTS I, IV, V AND VI). .............4

        A. <u>Mr. Wilson Has Refuted Defendant's Evidence That He Was Fired Because He "Flagrantly and Egregiously Violated" PPL Policies And Practices</u>. ...................................................................................5

        B. <u>Mr. Wilson Has Produced Direct Evidence To Support An Inference That He Was Terminated Because Of His Age And His Race</u>. ..................................................................................................8

    III. SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM OF RETALIATION IS INAPPROPRIATE (COUNT III). ….…..…..….……..…………..…….…..….…..10

    IV. OTHER CLAIMS (COUNTS II AND VII). ….…..…..….……..………..….…..12

    CONCLUSION. ….…..…..….……..…..….…..….……..……….……..…….…..….…..13

## TABLE OF AUTHORITIES

Barber v. CSX Distrib. Servs., 68 F.3d 694 (3rd Cir. 1995). ……………………………..…..10

Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326 (3rd Cir. 1995). ……………...….*passim*

Eckel Indus. v. Primary Bank, 26 F.Supp.2d 313 (D.C.N.H. 1998). ……………………….5

Healy v. New York Life Ins. Co., 860 F.2d 1209, 1220 (3rd Cir. 1988). …………………….7

Jones v. Sch. Dist. of Philadelphia, 19 F.Supp.2d 414, 418 (E.D.Pa. 1998). …………*passim*

Kachmar v. Sungard Data Systems, Inc., 109 F.2d 173 (3rd Cir. 1997). ……………..…….11

National Union Fire Ins. Co. v. Airborne Freight Corp., 2000 Dist. LEXIS 12773
    (S.D.N.Y. 2000). ……………………………………………………………………..5

Reddit v. Mississippi Extended Care Centers, Inc., 718 F.2d 1381 (5th Cir. 1983). ……..2-3

Reeves v. Sanderson Plumbing Prods., Inc. 530 U.S. 133, 142 (2000). …………….....1, 3, 4

Riffle v. Sports Auth., Inc., 1999 U.S. Dist. LEXIS 14588, *1,
    80 Fair Empl. Prac. Cas. (BNA) 897 (S.D.Md. 1999). …………………………….5

St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993). …………………………………….8

Turner v. Schering-Plough Corp., 901 F.2d 335 (3rd Cir. 1990). ………………………..4, 7